ADAM GLEN, PETITIONER, v. M. ROSENBAUM & SON,
RESPONDENT.

Decided July 8, 1940.

For the petitioner, *Andar & Andrews.*

For the respondent, *William B. McMichael.*

\*        \*        \*        \*        \*        \*        \*

The petitioner, Adam Glen, was duly sworn and testified to the happening of the accident; that he fell from a scaffold about twelve feet from the ground as a result of the collapse of the scaffold, injuring his back as a result of the fall; that immediately following the accident he was taken to the Mountainside Hospital where he was first placed on a board for a week, then placed in a plaster of paris cast under the care of Dr. Nicola and thereafter furnished a brace and treated by Dr. Nicola for a period of six or seven months. He complained of stiffness in the back, inability to bend, to lift, inability to sleep on his back, a shortness of breath, inability to do any physical exertion. He testified that he never suffered any of these complaints prior to the accident. He has not worked since the date of the accident, May 12th, 1937. Petitioner testified to doing hard and regular work as a plasterer for a number of years, without any previous accident, without any previous injury or disease which disabled him from his work, except for minor colds.

Dr. E. Reissman for the petitioner, testified to the taking of X-ray films on March 19th, 1940, of the petitioner's spine. He declared that the X-ray films showed a compression fracture of the 12th dorsal vertebra with wedging and irregularity of the anterior border and the superior border. Dr. Reissman also stated that the third lumbar vertebra showed a marked absorption of bone and a softening of the bony structure in the second and third lumbar vertebra. The third lumbar vertebra also showed an irregularity in bony outline. The X-ray films of the spine of the petitioner taken at the Mountainside Hospital immediately following the accident in May, 1937, were offered into evidence. The X-ray films showed the compression fracture of the twelfth dorsal vertebra and by comparison Dr. Reissman expressed the opinion that the absorption of the bone and the softening of the bony structure in the region of the third lumbar vertebra was due to the accident of May 12th, 1937. The X-rays also showed an extensive arthritic condition of the back.

Dr. Max Singer for the petitioner, testified that he did make an examination of the petitioner and of the petitioner's back and that in his opinion considering the X-ray films taken in the case and from his examination, the petitioner had sustained a disability of fifty per cent. of partial total disability due to the accident. This estimate did not include any allowance for the heart or diabetic condition. He stated that while part of the arthritic condition pre-existed the accident of May 12th, 1937, he could not make any allowance for any disability pre-existing the accident, in the absence of proof of such pre-existing disability.

Dr. Monroe Green for the petitioner, testified that he examined the petitioner on June 17th, 1940; that he examined the petitioner's heart and made a laboratory examination including a urinalysis and as a result of his examination found that the petitioner was suffering from an uncontrolled diabetes mellitus; that petitioner was also suffering from a coronary arterio sclerosis with a myocardial fibrosis. It was his opinion that the trauma of May 12th, 1937, aggravated the petitioner's diabetic condition either to cause the onset of the diabetes or to aggravate the diabetic condition and further

that the diabetic condition was aggravated by reason of the required treatment due to the trauma, namely, through lack of muscular exercise. The diabetic condition in turn in his opinion accelerated the arteriosclerotic condition of petitioner. It was his opinion that the condition of arterio sclerosis of the heart pre-existed the accident but not to the extent that he found it. In short, he expressed the opinion that the trauma either aggravated or brought on the diabetic condition and that the diabetic condition in turn accelerated the condition of the petitioner's heart and so, in that respect, the accident was the cause of the diabetic condition and the petitioner's heart condition. He estimated that the petitioner's disability by reason of the diabetic condition and the heart condition was sixty per cent. of partial total disability, exclusive of the petitioner's other orthopedic conditions and other conditions resulting from the accident.

Dr. M. W. Bergman, for the petitioner, testified to the making of a neurological examination on June 3d, 1940; that in his opinion the petitioner's disability was seven and one-half per cent. of partial total disability due to the accident of May 12th, 1937.

Dr. Nicola for the respondent, testified that he treated petitioner following the accident of May 12th, 1937, to finding of the compression fracture of the twelfth dorsal vertebra following the accident, to application of plaster of paris cast under anesthesia, to petitioner's confinement to bed for about a month, to petitioner's discharge from the hospital on June 18th, 1937, and the last treatment on September 23d, 1937. Upon petitioner's discharge the doctor estimated petitioner's disability was twenty-five per cent. of partial total disability. On re-examination of the petitioner on April 24th, 1940, the doctor expressed the opinion that the petitioner complained of pain in the back, general weakness, increase of lumbar exostosis and that in his opinion the petitioner's existing permanent disability was twenty-five per cent. of partial total disability. In examining the X-rays taken at the Mountainside Hospital and by Dr. Reissman he stated that the latter X-rays showed the compression fracture of the twelfth dorsal vertebra and an increase of the arthritis of the lumbar spine

in the region of the third lumbar vertebra which also showed atrophy, but in his opinion the condition of the third lumbar vertebra was not causally related to the accident.

Dr. Smith for the respondent, testified to making an examination on April 23d, 1940, and his testimony was substantially to the same effect as Dr. Nicola.

Dr. Markens for the respondent, testified to the same effect as Dr. Smith and Dr. Nicola with respect to the estimates of disability.

Dr. Blumberg for the respondent, stated that he made the neurological examination and he found petitioner's disability to be five per cent. of partial total disability as a result of the neurological condition but this condition in his opinion was not due to the accident but was due to the condition of diabetes.

Dr. Mabey for the respondent, stated that he had specialized in the treatment of diabetes; that he had treated the petitioner at the Mountainside Hospital for the condition of diabetes; that upon the petitioner's admission to the hospital he found ten per cent. sugar in the urine and a count of 166 for sugar in the blood; that this condition was rather a severe diabetic one and that in his opinion this condition pre-existed the accident of May 12th, 1937. He treated the petitioner for diabetes by diet but not by insulin and that in his opinion the diabetic condition was controlled as a result of the diet; that upon the petitioner's discharge from the hospital he was sugar free at the time. He expressed the opinion that the trauma would not have any aggravating effect on the diabetes unless it was a mere temporary one for the reason that the condition had cleared up or had been controlled upon the petitioner's discharge from the hospital.

Dr. Lewis for the respondent, testified to the examinations made and to the examination of the heart by electrocardiograph. He found a condition of diabetes present and the arteriosclerotic heart; that in his opinion the trauma would not aggravate the diabetic condition nor would it aggravate the heart condition.

After duly considering all of the testimony submitted herein I do find and determine as follows:

That the petitioner did sustain an accident on May 12th, 1937, arising out of and in the course of his employment with the respondent.

\*　　\*　　\*　　\*　　\*　　\*　　\*

That as a result of the said accident the petitioner sustained injury to his entire back; that as a result of said accident the petitioner sustained a compression fracture of the twelfth dorsal vertebra; that as a further result of said accident the region of the third lumbar vertebra suffered a marked absorption of bone and a softening of the bony structure; that the otherwise extensive arthritic condition of the petitioner's back was aggravated by the said accident of May 12th, 1937. This finding of the aggravation of the arthritic condition or of the disablement caused by the arthritic condition is based in part upon the proofs in the case that prior to the accident of May 12th, 1937, the petitioner for a number of years did hard physical work as a plasterer without any previous accident, without any previous injury, without any previous complaints referable to the back.

That as the result of said injury to the back caused by the said accident, petitioner suffered a permanent disability to the extent of forty-five per cent. of partial total disability, credit to be given to the respondent for the payment based upon twenty-five per cent. of partial total disability heretofore made by the respondent.

That the petitioner is not entitled to any further compensation for and on account of temporary disability other than for the period of nineteen and two-sevenths weeks heretofore paid by the respondent.

I do further find and determine that the petitioner's existing disability caused by reason of the condition of diabetes or by reason of his heart condition was not caused directly or by way of aggravation by the said accident; that the petitioner's existing neurological condition is not caused directly or by way of aggravation by the said accident.

\*　　\*　　\*　　\*　　\*　　\*　　\*

It is ordered that judgment shall be entered in favor of the petitioner and against the respondent.

JOHN C. WEGNER,
*Deputy Commissioner.*